UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

NAJLA ABU JABER, individually,

      Plaintiff,

v.

ALLIANCE DATA SYSTEMS
CORPORATION, a foreign corporation, and
COMENITY BANK, a foreign corporation,      **JURY DEMAND**

      Defendants.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1.     Plaintiff NAJLA ABU JABER alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA"), against Defendants ALLIANCE DATA SYSTEMS CORPORATION and COMENITY BANK.

2.     Plaintiff alleges that Defendants incessantly and unlawfully called Plaintiff's cellular telephone using an automatic telephone dialing system (i.e. "auto-dialer") and pre-recorded or artificial voice messages.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as this is a civil action arising under the laws of the United States.

4.     This Court has personal jurisdiction over the Defendants because the telephone calls forming the basis of this action were placed by the Defendants into this District, and because Defendants conduct business in this District by regularly placing telephone calls, sending mail, and transacting with consumers in this District.

5.      Venue in this District is proper because the Plaintiff resides here and received telephone calls from Defendants within this District.

## PARTIES

6.      Plaintiff NAJLA ABU JABER is a natural person and a resident of the State of Florida, residing in Broward County, Florida.  Said Plaintiff is the owner, possessor, subscriber, and user of the cellular subscriber and user of the cellular telephone that Defendants were calling.

7.      Defendant ALLIANCE DATA SYSTEMS CORPORATION ("Alliance Data") is a publicly traded Delaware corporation that provides private-label credit card programs and services to retail stores.  Alliance Data funds, services, and entirely automates credit card programs for its business customers, which include well-known retail clothing stores, among other things.  Alliance Data operates from offices located at 7500 Dallas Parkway, Suite 700, Plano, TX 75024.

8.      Defendant COMENITY BANK ("Comenity") is a Delaware corporation and national bank that provides financing and banking services for Defendant Alliance Data's private-label credit card programs, and operates from offices located at One Righter Parkway, Suite 100, Wilmington, DE 19803.[1]

## FACTUAL ALLEGATIONS

9.      Plaintiff previously obtained two personal retail store credit cards from "Victoria's Secret" and "Express" clothing stores.

---

[1]      Plaintiff previously sued Defendant COMENITY BANK for substantially the same conduct alleged herein.  The prior action against COMENITY BANK was dismissed without prejudice on October 15, 2013.  *See Abu Jaber v. Comenity Bank, et al.*, Case No. 13-61113-CV-JIC (S.D. Fla. Oct. 15, 2013).

10. Although these credit cards bore the labels and marques of Victoria's Secret and Express, in truth they were operated, serviced, and funded entirely by Alliance Data and its subsidiary bank Comenity.

11. Plaintiff subsequently incurred balances on these credit cards.

12. Some time thereafter, the Plaintiff began receiving automated telephone calls on her cellular telephone from Defendant Alliance Data.

13. Upon answering any of these calls, the Plaintiff was greeted by either:  (a) a machine-operated voice advising her to "press one if this is Najla Abu Jaber," (b) a noticeable period of "dead air" while the caller's telephone system attempted to connect the Plaintiff to a live operator, or (c) an automated voice that delivered a pre-recorded or computer-generated message advising that the call was from "Comenity Bank," and that the caller was attempting to collect on either Plaintiff's outstanding Victoria's Secret or Express store credit card.

14. Plaintiff later discovered that Comenity Bank was a subsidiary company and "funding arm" of Alliance Data, and that Alliance Data was the entity actually placing the calls.

15. Defendants' methods of contacting Plaintiff is indicative of their ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system. See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008, 23 F.C.C.R. 559, 565-66 (2008), In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C.R. 14014, 14091-92 (2003).

16.   In sum, Defendants made numerous telephone calls to Plaintiff's cellular telephone, each of which was made using either an automatic telephone dialing system or an artificial or pre-recorded voice.

17.   Defendants made the aforementioned telephone calls knowing that it was using an automatic telephone dialing system or an artificial or prerecorded voice to call a cellular telephone, and further knew that such calls were in violation of the TCPA, and consequently, these violations were willful and knowing.

**COUNT I**
**VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT**

18.   Plaintiff incorporates paragraphs 1 through 17 herein.

19.   Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by placing telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

WHEREFORE, Plaintiff NAJLA ABU JABER requests that the Court enter judgment in favor of Plaintiff and against Defendants ALLIANCE DATA SYSTEMS CORPORATION and COMENITY BANK for:

a.   $500 dollars in statutory damages for each violation of the TCPA over the last four years;

b.   $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

c.   a permanent injunction prohibiting Defendants from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or prerecorded voice;

4

    e.      litigation expenses and costs of the instant suit; and

    f.      such other or further relief as the Court deems proper.

**COUNT II**
**VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**

20.    Plaintiff incorporates paragraphs 1 through 17 herein.

21.    Pursuant to Florida law, Plaintiff seeks a declaration that Defendants' practices are in violation of the FCCPA, including but not limited to Fla. Stat. § 559.72(7), which states that it is a violation to "[w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

    WHEREFORE, Plaintiff NAJLA ABU JABER requests that the Court enter judgment in favor of Plaintiff and against Defendants ALLIANCE DATA SYSTEMS CORPORATION and COMENITY BANK for:

    a.  actual damages;

    b.  statutory damages of $1,000.00;

    c.  a permanent injunction prohibiting Defendants from calling Plaintiff regarding the alleged debt;

    d.  attorney's fees, litigation expenses, and costs of the instant suit, and;

    e.  such other or further relief as the Court deems just and proper.

**JURY DEMAND**

    Plaintiff demands trial by jury.

Dated 17th day of December, 2013.

                           BRET L. LUSSKIN, Esq.
                           *Attorney for Plaintiff*

5

20803 Biscayne Blvd., Ste 302
Aventura, Florida 33180
Telephone: (954) 454-5841
Facsimile: (954) 454-5844
blusskin@lusskinlaw.com

By:  /S/ Bret L. Lusskin, Esq.
     Bret L. Lusskin, Esq.
     Florida Bar No. 28069